Merton C. Hendrick, Respondent, v. Jennie Brown, Appellant.— Judgment of the County Court modified by striking out the provisions for twenty-five dollars costs, and as modified affirmed, with costs to the respondent. All concurred.

Henry A. Hinman and Charles H. Hinman, Respondents, v. Dennis E. Keefe, Appellant.— Judgment affirmed, with costs. All concurred.

Henry F. Kiah, Appellant, v. Rutland Railroad Company, Respondent. — Judgment and order unanimously affirmed, with costs.

Joseph Kapinos, an Infant, by Stanley Kapinos, His Guardian ad Litem, Respondent, v. Fuld & Hatch Knitting Company, Appellant.— Judgment and order unanimously affirmed, with costs.

John H. Mackle, Respondent, v. Annesley & Company, Appellant.— Judgment and order unanimously affirmed, with costs.

In the Matter of the Application of W. Floyd De Voe for a Warrant to Search for and Seize Liquors Kept, Stored and Deposited for Unlawful Sale and Distribution in Premises Located at H. B. Peabody, No. 200 North Street (Formerly Railroad Street) in the Village of Union, Opposite Erie Depot, Town of Union, Broome County, N. Y. William W. Farley, as State Commissioner of Excise of the State of New York, Appellant; Hiram B. Peabody, Respondent.— Order affirmed, with costs. All concurred.

In the Matter of the Application of the Board of Water Supply on Behalf of the City of New York, to Acquire Real Estate under Chapter 724 of the Laws of 1905, and the Acts Amendatory Thereof, etc.— Motion granted, and questions certified as follows: *First*, in determining the value of an established business under section 42, chapter 724 of the Laws of 1905, as amended by section 9, chapter 314 of the Laws of 1906, should interest upon the capital used in the business, whether real or personal property, be charged as an expense against the gross profits? *Second*, in determining the value of an established business under said section 42 should the value of the services of the proprietor and the members of his family in the business be charged as an expense? *Third*, in determining the value of a farm boarding house business, under said section 42, should the market value of the farm produce consumed by the boarders be charged as an expense? *Fourth*, in the trial of a claim for damages to an established business under said section 42 is the city of New York entitled to prove any circumstances in abatement of such damages which will tend to mitigate or lessen them? *Fifth*, assuming the claimants, Bishop Brothers, conducted a summer boarding house and livery business upon a farm not owned by them, but owned by their mother, and whose boarders were non-residents of the county of Ulster, which farm and the buildings thereon were condemned and acquired by the city of New York under the provisions of chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906, that their mother was awarded the value of the farm and buildings and received the award, was the summer boarding house and livery business, conducted by the claimants on the prop-